[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2011
JOHN LEY
CLERK

No. 09-16011

D. C. Docket No. 08-00334-CV-RDP-RRA

MARK DUKE,

Petitioner-Appellant,

versus

RICHARD ALLEN,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

ON PETITION FOR REHEARING EN BANC

Before DUBINA, Chief Judge, TJOFLAT, EDMONDSON, CARNES,
BARKETT, HULL, MARCUS, WILSON and MARTIN, Circuit Judges.*

---

*Judge William H. Pryor Jr. was recused in this case and did not participate in the en banc poll.

The court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure), the Suggestion of Rehearing En Banc and the Petition for Rehearing are **DENIED.**

/s/ JOEL F. DUBINA

_____

Chief Judge

BARKETT, Circuit Judge, dissenting, in which WILSON, Circuit Judge, joins:

I dissent from the denial of rehearing *en banc* because the panel opinion eviscerates the protections afforded defendants under *Griffin v. California*, 380 U.S. 609 (1965).

The Supreme Court has instructed that, under AEDPA, "deference does not imply abandonment or abdication of judicial review." *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). Here, the Alabama court's adjudication of Mark Duke's claim involved the most "unreasonable application of[] clearly established Federal law," 28 U.S.C. § 2254(d)(1), because it "unreasonably fail[ed] to extend a clearly established legal principle," the Fifth Amendment prohibition against commenting on a defendant's silence, to the facts of this case. *Gore v. Sec'y for the Dep't of Corr.*, 492 F.3d 1273, 1293 (11th Cir. 2007) (citations omitted).[1]

The Alabama court's finding that the prosecutor was *not* referring to the defendant, Mark Duke, in his closing argument is an unreasonable and wholly

---

[1] In his closing argument, the prosecutor stated, "there's a witness that you heard from but he didn't come in here and talk to you from this witness stand. After he shot, stabbed and cut the throat of Randy Duke, he took Randy Duke's blood with him throughout that house." In denying the defendant's motion for a mistrial, the trial court determined that the "he" the prosecutor was referring to was Randy Duke's blood, and *not* Mark Duke.

Thus, Alabama's adjudication also "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). If the Alabama court had, conversely, made the factual finding that the prosecutor's statement *did* refer to Mark Duke, the legal conclusion would necessarily have been that this statement violated Mark Duke's rights under *Griffin*.

unsupported finding that is only theoretically possible if the record in this case is ignored and we were to apply an unnatural reading of the prosecutor's words. Mark Duke should prevail on the basis of the prosecutor's unconstitutional comment alone. However, defense counsel's immediate response, asking that the record reflect that the prosecutor was pointing at Mark Duke while making this statement, solidifies the unreasonableness of the Alabama court's adjudication.

Such an egregious example of prosecutorial misconduct, followed by a state court's failure to adhere to basic tenets of constitutional criminal procedure, should not be permitted to stand. AEDPA is not a rubber stamp, whereby even cases on all fours with seminal federal precedent are unreviewable. Accordingly, this case is one that should be reheard *en banc*.

WILSON, Circuit Judge, dissenting:

I join Judge Barkett's dissent, for the reasons she states, and for the reasons that I articulated in my prior dissent from the panel's opinion.